UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATHANIEL LAMAR BATTLES,

    Plaintiff,

v.                                            CASE NO: 8:11-cv-1439-T-26MAP

UNITED STATES OF AMERICA,

    Defendant.
                                     /

**O R D E R**

The Court has for its consideration Plaintiff's Motion to Vacate filed pursuant to 28 U.S.C. § 2255.[1] The Court has undertaken a prompt, preliminary review of the motion and its attachments, together with the record of the underlying criminal proceedings,[2] as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. After doing so, the Court concludes that the motion is due to be summarily dismissed without the need for a response from Defendant or an evidentiary hearing because the motion is time-barred under the provisions of § 2255(f)(1). See Jackson v. Secretary of Dep't of Corr., 292 F.3d 1347,

---

[1] Because Plaintiff states in the motion that he placed the motion in the prison mailing system on June 24, 2011, the Court will deem the motion filed on that date under the mail box rule. See Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (holding that under the prison mailbox rule, a *pro se* prisoner's pleading is considered filed on the date it is delivered to prison authorities to be filed).

[2] See case number 8:06-cr-299-T-26MSS.

1349 (11th Cir. 2002) (holding that district court possesses discretion to raise the issue of the timeliness of a petition for writ of habeas corpus *sua sponte*).

The Court sentenced Plaintiff on November 27, 2006, to a term of imprisonment of 188 months to be followed by a term of 60 months of supervised release following his plea of guilty to count one of the indictment charging him with being a convicted felon in possession of a firearm.[3] Plaintiff did not file a direct appeal so that his conviction became final ten days later for purposes of the one-year statute of limitations imposed by § 2255(f)(1) for filing a motion to vacate. As noted, Plaintiff did not file his motion to vacate in this case until June 24, 2011, well over one year after his judgment of conviction became final.

Plaintiff, anticipating the fact that his motion was subject to be dismissed as time-barred, attempts, as an alternative ground for relief, to invoke the "savings clause" of § 2255(e) so that he can pursue his claim under 28 U.S.C. § 2241 that he is actually innocent of being an armed career criminal offender. Unfortunately for Plaintiff, the Eleventh Circuit Court of Appeals has recently rendered an *en banc* opinion in Gilbert v. United States, ___ F.3d ___, 2011 WL 1885674 (11th Cir. 2011), in which it concluded, consistent with decisions from other federal circuit courts of appeals, that the "savings clause" of § 2255(e) does not permit a federal prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is otherwise barred from being presented in a § 2255 motion. 2011 WL 1885674, at *17. The Eleventh Circuit also concluded in that case "that the Sawyer[v. Whitley, 505 U.S. 333, 112 S.Ct. 2514 (1992)] actual innocence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guideline range that would otherwise have applied[.]" 2011 WL 1885674, at *28. In light of

---

[3] See id., dockets 26 and 27.

these conclusions, which unmistakably apply to, and unquestionably govern, the disposition of Plaintiff's motion, he is not entitled to habeas relief under § 2241.

Accordingly, this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and to close this case. Additionally, the Court declines to issue a certificate of appealability because Plaintiff has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize an appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**DONE AND ORDERED** at Tampa, Florida, on June 30, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record